UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Civil Action No.:_____

CASE NO: 2022CF007586AMB

AGENCY CASE NO.: 94-50-2022-0014648



FILED BY _____ D.C.

SEP 16 2024

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

701 Clematis Street,

Room 202

West Palm Beach, Florida 33401

561-803-3400

http://www.flsd.uscourts.gov

MAYBELL, MONIQUE and HARDEN, GREGG;

Plaintiffs,

-vs-

CITY OF WEST PALM BEACH;

WEST PALM BEACH POLICE DEPARTMENT;

CRUISE PROPERTY MANAGEMENT;

in their official capacity;

HANFORD, R. (OFFICER#2274);

DAVIS, C. (OFFICER#1492);

CANO, S. (OFFICER#2023);

COLOMBINO, L. (OFFICER#1475);

FOE, J. (OFFICER#2010);

WILSON, [?] (OFFICER#8241);

MORRIS, J. (OFFICER#1872);

DOWNIE, A. (OFFICER#2270);

LOAYZA, W. (OFFICER#2189);

DANIELOVICH, A. (OFFICER#2245);

PIZARRO, M. (OFFICER#2246);

and

ANJALI BRYANT, in their individual capacities; Defendants.

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In the U.S. District Court for the Southern District of Florida,

West Palm Beach Division

District Judge:
Donald M. Middlebrooks
(561) 514-3720

Magistrate Judge:
William Matthewman
(561) 514-3720

5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

COMPLIANT AND JURY TRIAL DEMANDED

PLAINTIFFS

MONIQUE MAYBELL

("Maybell" or "Plaintiffs")

and

GREGG HARDEN

("Harden" or "Plaintiffs")

sues

WEST PALM BEACH

POLICE DEPARTMENT

("WPBPD"or "Police-Defendant(s)");

CITY OF WEST PALM BEACH

("COWPB" or " Police-Defendant(s);

HANFORD, R. (OFFICER#2274);

("Hanford" or "Police-Defendant(s)";

DAVIS, C. (OFFICER#1492);

("Davis" or "Police-Defendant(s)";

CANO, S. (OFFICER#2023);

("Cano" or "Police-Defendant(s)";

COLOMBINO, L. (OFFICER#1475);

("Colombino" or "Police-Defendant(s)";

FOE, J. (OFFICER#2010);

("Foe" or "Police-Defendant(s)";

WILSON, [?] (OFFICER#8241);

("Wilson" or "Police-Defendant(s)";

MORRIS, J. (OFFICER#1872);

("Morris" or "Police-Defendant(s)";

DOWNIE, A. (OFFICER#2270);

("Downie" or "Police-Defendant(s)";

6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

LOAYZA, W. (OFFICER#2189);

("Loayza" or "Police-Defendant(s)";

DANIELOVICH, A. (OFFICER#2245);

("Danielovich" or "Police-Defendant(s)";

PIZARRO, M. (OFFICER#2246);

("Pizarro" or "Police-Defendant(s)";

ANJALI BRYANT("Defendant")

CRUISE PROPERTY MANAGEMENT

("CPM" or "Third-Party Defendant");

and states the following

in good support of this Complaint:

Plaintiffs are suing under:

42 U.S.C. § 1983, a civil rights statute that provides a remedy for individuals who have been deprived of their rights, privileges, or immunities secured by the Constitution and laws of the United States by persons acting under color of state law;

Plaintiffs allege that the Defendants, acting under color of state law, deprived Plaintiffs of their rights secured by the Fourth and Fourteenth Amendments to the United States Constitution, including the right to be free from unreasonable searches and seizures, the right to due process, and the right to equal protection of the laws.

Plaintiffs also bring claims under relevant state law provisions, including:

- Florida Statutes § 112.1903**: An act relating to community safety and criminal justice, governing the conduct and duties of law enforcement officers in Florida.

- Florida Statutes § 933.102**: An act relating to no-knock search warrants, establishing the requirements and limitations for issuing and executing no-knock search warrants within the state

7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

of Florida.

- Traumatic Brain Injury and Post-Traumatic Stress Disorder Law Enforcement Training Act of
2022: Plaintiffs allege that the Defendants failed to comply with the mandated training and
policies under this Act, resulting in harm to the Plaintiffs.

and sue under:

legal terms, definitions, amendments, and laws of 'said "Acts"'.


NATURE OF THE ACTION

"This is an action that Plaintiffs' respectfully nature as balancing:

a. the 'interests' of expectation of privacy;
b. the 'sanctity' of the home;
c. the 'value' of mental health;

-versus-

d. the 'interests' of law enforcement."

This is a Title 42 United States Code ("U.S.C.") §1983 federal,
civil-rights lawsuit secured under the First, Third, Forth, Fifth, and Ninth
Amendments of the United States Constitution
as applied to the States and secured under the
Fourteenth Amendment of the United States Constitution;

Police-Defendants committed 'knowingly' or 'recklessly' or 'indifferently'

8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

acts that deprived Maybell and Harden of freedom, benefit, and interest to:

(a) peacefully exercise religion;

(b) enjoy privacy benefits of
security, liberty, and property;

(c) enjoy freedom of speech; and

(d) enjoy -equal protection- against
unreasonable searches and seizures
of Plaintiffs' bodies; and

(e) substantive due process of law.

Police-Defendants committed multiple acts of invading privacy and misconduct
-under the color of state law-and Plaintiffs were deprived of
guaranteed rights secured under United States Constitution.

## JURISDICTION AND VENUE

This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331,
as this case arises under the Constitution and laws of the United States, specifically 42 U.S.C. §
1983.
The Court also has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.
Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the events giving rise to the
claims occurred within this district, and all defendants, including the City of West Palm Beach,
reside or are situated within this district.

Defendant City of West Palm Beach with its principal address at
WPB City Hall, 401 Clematis Street - PO Box 3366, West Palm Beach, Florida 33401, is a
political subdivision of the State of Florida.
As such, the City of West Palm Beach is subject to suit under
42 U.S.C. § 1983 for acts carried out under color of state law that

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

deprived the plaintiffs of their constitutional rights.

Plaintiffs bring this action pursuant

42 U.S.C. § 1983 for violations of civil rights

under the First, Third, Forth, Fifth, Ninth, and Fourteenth

Amendments to the United States Constitution.

This Court has subject-matter jurisdiction

over this matter pursuant to:

28 U.S.C. § 1331(federal question)

28 U.S.C. § 1343(a)(3)(civil rights);

28 U.S.C. § 1367 provides supplemental jurisdiction

over the state law tort claims that involve the joinder or

intervention of additional parties and

arose from the same common nuclei of facts.

28 U.S.C. § 1391(b) and S.D. Fla. Loc. R. 1.(a).

Venue is proper in this district pursuant to 28 U.S.C. § 1391(b),

as the events giving rise to the claims occurred within this district, and

all defendants, including the City of West Palm Beach, reside or are situated within this district.

Defendant City of West Palm Beach with its principal address at

WPB City Hall, 401 Clematis Street - PO Box 3366,

West Palm Beach, Florida 33401, is a political subdivision of the State of Florida.

As such, the City of West Palm Beach is subject to suit under

42 U.S.C. § 1983 for acts carried out under color of state law that

deprived the plaintiffs of their constitutional rights.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Police-Defendants'

primary employment is:

600 Banyan Blvd, West Palm Beach, FL 33401;

in this district and division, and

individually or collectively,

Police-Defendants'

-under color of state law-

'knowingly' or 'recklessly',

illegally breached

Plaintiffs' United States Constitutional rights,

giving 'standing' to herein claims accrued

within this district and division.


At all material times,

Police-Defendants committed

multiple acts of invading privacy and

misconduct -under color of state law-

'knowingly' or 'recklessly'

against Plaintiffs in bad faith or unreasonableness,

depriving and violating clearly established rights of

United States Constitution of human, safety, and property;

11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION


PRELIMINARY FACTUAL STATEMENT


**1.** Claims of Incorporation:

The following claims of incorporation apply to all counts in this Complaint:

At all relevant times, Police-Defendants:

a. Acted individually or collectively or both;

b. Acted under color of state law;

c. Violated state law;

d. Created or increased a state-created danger;

e. Failed in their duty to intervene;

f. Acted knowingly or recklessly or both
in violation of Plaintiffs' constitutional rights,
which were clearly established.

g. These violations reflect breaches of the Fourth Amendment,
the Fourteenth Amendment, and Florida State Statute 876.05,
which mandates that law enforcement uphold constitutional principles.

h. The address relevant to each claim is
803 2nd Street, West Palm Beach, Florida, 33401.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Incorporate:

    i.       WEST PALM BEACH POLICE DEPARTMENT
            Standard Operating Procedure I-1
            CODE OF CONDUCT AND ETHICS OF POLICE
            DEPARTMENT MEMBERS
            Revised: June 4, 2020

    j.       WEST PALM BEACH POLICE DEPARTMENT
            Policy III-13
            USE OF FORCE/ INJURED PERSON INCIDENT
            Revised: July 14, 2022

    k.       WEST PALM BEACH POLICE DEPARTMENT
            Standard Operating Procedure 1-4
            UNBIASED POLICING
            Revised: November 11, 2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

2. <u>PARTIES</u>

Plaintiff Monique Maybell is an

Florida resident and has at all material times

residing within this Court's jurisdiction at:

<u>803 2nd Street,</u>

<u>West Palm Beach County Florida, 33401</u>;

("principal address"); and

Maybell was a tentant-owner

of 'principal address'

commencing on July 15, 2021 and

expiring on September 30, 2022; and

Maybell claims and alleges

membership in a protected class.

Plaintiff Gregg Harden is an

Florida resident and has at all material times

residing within this Court's jurisdiction at:

<u>904 15th Street ,</u>

<u>West Palm Beach County Florida, 33401</u>;

Harden claims and alleges

membership in a protected class.

Defendant

'West Palm Beach Police Department' of

<u>600 Banyan Blvd, West Palm Beach, FL 33401</u>

is now and has at all material times

14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

has been a governing body of or with

'City of West Palm Beach',

WPB City Hall

401 Clematis Street - PO Box 3366

West Palm Beach, Florida 33401;

a political subdivision of the 'State of Florida'.


Defendant Ryan Hanford

is now and has been at

all material times a police officer for

'West Palm Beach Police Department'

Hanford is a local law enforcement officer.


Defendant Davis

is now and has been at

all material times a police officer for

'West Palm Beach Police Department'

Davis is a local law enforcement officer.


Defendant Cano

is now and has been at

all material times a police officer for

'West Palm Beach Police Department'

Cano is a local law enforcement officer.


Defendant Colombino

is now and has been at

all material times a police officer for

'West Palm Beach Police Department'

Colombino is a local law enforcement officer.

15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Defendant Foe

is now and has been at

all material times a police officer for

'West Palm Beach Police Department'

Foe is a local law enforcement officer.

Defendant Wilson

is now and has been at

all material times a police officer for

'West Palm Beach Police Department'

Wilson is a local law enforcement officer.

Defendant Morris

is now and has been at

all material times a police officer for

'West Palm Beach Police Department'

Morris is a local law enforcement officer.

Defendant Downie

is now and has been at

all material times a police officer for

'West Palm Beach Police Department'

Downie is a local law enforcement officer.

Defendant Loayza

is now and has been at

all material times a police officer for

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

'West Palm Beach Police Department'

Loayza is a local law enforcement officer.

Defendant Danielovich

is now and has been at

all material times a police officer for

'West Palm Beach Police Department'

Danielovich is a local law enforcement officer.

Defendant Pizarro

is now and has been at

all material times a police officer for

'West Palm Beach Police Department'

Pizarro is a local law enforcement officer.

Defendant Anjali Bryant

is now and has been

at all material times a minor.

A.,B., of 6211 N 45th Street, Tampa, FL 33610.

Defendant Cruise Property Management

located at 21 NW 1st Ave #904, Dania Beach, FL 33004,

has been, at all material times,

the legal owner of the premises where the alleged violations occurred,

situated at 803 2nd St., West Palm Beach, FL 33401.

Basic Information:

3. On Monday, September 19, 2022,

between the hours of 2200 and 0700,

17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

at the principal address of 803 2nd Street,

West Palm Beach, Palm Beach County, Florida, 33401,

plaintiffs Maybell and Harden and

the other defendant Anjali Bryant was present when

the Police-defendants, acting under state authority,

unlawfully attempted to enter the secure home.

4. The defendant did so without obtaining a search warrant and without exigent
circumstances, probable cause, or reasonable suspicion
despite knowing for five hours they lacked a warrant.

5. With deliberate indifference and in direct violation of the standard operating agreement,
the defendant initially sought to obtain a key but ultimately used a pry bar to force entry
into the residence. This conduct was objectively unreasonable and directly violated the
plaintiffs' Fourth Amendment rights.

6. Maybell was a tentant-owner of 'principal address'
commencing on July 15, 2021 and expiring on September 30, 2022;

7. During the incident at question,
Harden was a visitor at the 'principal address'.

Information of incident at question:

8. On September 19, 2022, between the hours of 2200 and 0700,
Police Defendants, acting under state authority, unlawfully entered the principal address
located at: 803 2nd Street, West Palm Beach, Florida 33401.

9. Despite knowing for approximately five hours that they lacked a search warrant and
being aware that Plaintiffs repeatedly refused to consent to entry, Police Defendants
attempted to gain access by seeking a key from a third party.

18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

10. Ultimately, they forced entry into the secure home using a pry bar, without exigent circumstances, probable cause, or reasonable suspicion.

11. The unlawful entry was conducted without any of the following justifications: there was no threat to the officers' safety, no destruction of evidence, no imminent harm to others, and no attempt by Plaintiffs to escape from the home. The Police Defendants recklessly and deliberately breached Plaintiffs' Fourth Amendment rights by entering the home, using excessive force by applying pressure points to Plaintiff Harden and handcuffing Plaintiff Maybell and pointing firearms at both Plaintiffs, actions which were objectively unreasonable.

12. As a direct result of the Police Defendants' actions, Plaintiff Harden was unlawfully detained for 18 days in a municipal facility, causing a significant loss of liberty.

13. This detention caused emotional distress, exacerbated by the fact that Harden was subjected to excessive force when the officers applied pressure points to his body.

14. Additionally, both Plaintiffs, including Monique Maybell,were held at gunpoint during the forced entry, further escalating their emotional distress.

15. The reckless and unnecessary conduct of the Police Defendants during this encounter directly led to severe emotional and psychological harm for both Plaintiffs.

16. The unlawful detention of Harden and Maybell and the physical and emotional trauma experienced by both Plaintiffs were the proximate result of the defendant's deliberate indifference and unconstitutional actions.

19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

17. At all relevant times, the Defendants, including Police Defendants and Minor Defendant, were acting under the color of state law and within the scope of their employment as law enforcement officers for the incorporated City of West Palm Beach.

18. The Police Defendants were dressed in official police uniforms, and their actions evoked the authority of the municipality.

19. By verbally identifying themselves as members of the "West Palm Beach Police Department" upon entering the residence, they further affirmed their official positions as state actors. Their conduct, including the use of force, surveillance, and entry into the home, was carried out during the course of their employment and in their capacity as law enforcement officers.

20. The City of West Palm Beach, through its police department, maintains a policy or custom related to the use of force during law enforcement operations, including forced entries into private residences.

21. The described policy allows officers to forcibly enter homes with a warrant or exigent circumstances when it is assumed that the subjects within pose a threat or are suspected of criminal activity. However, in practice, this policy is overextended and misapplied by officers, particularly in situations involving non-threatening and unarmed individuals, as was the case here.

22. Additionally, the City of West Palm Beach failed to properly train its officers on the lawful use of force, including the limitations of warrantless entry into private homes and the application of excessive force.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

23. The Police Defendants involved in this incident were clearly inadequately trained in Fourth Amendment principles regarding unlawful searches and seizures, as evidenced by their failure to seek a search warrant despite having ample time to do so.

24. Moreover, the failure to intervene, use of excessive force, and reliance on intimidation tactics illustrate a lack of understanding of the constitutional limits on police conduct, likely stemming from deficient training and oversight within the department.

25. This failure to train amounted to deliberate indifference to the constitutional rights of citizens, particularly those like the Plaintiffs who posed no immediate threat or risk of harm.

26. Despite Plaintiffs repeatedly refusing consent for entry, and despite the lack of any exigent circumstances, Police Defendants forcibly entered the residence using a pry bar, without following proper legal procedures, such as securing a search warrant or demonstrating probable cause.

27. The officers' actions were executed under the City's policy, but without adequate oversight or training, leading to the unnecessary escalation of the situation.

28. The City of West Palm Beach's policy, combined with its failure to properly train officers in constitutional standards and appropriate use of force, was the direct and proximate cause of the violations of the Plaintiffs' Fourth Amendment rights.

29. The policy concerning the use of force, particularly during home entries, was the moving force behind the unconstitutional conduct that occurred during the events on September 19, 2022.

21

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

30. The failure to obtain a warrant, despite having sufficient time and no urgent circumstances, directly violated the Plaintiffs' constitutional right to be free from unlawful searches and seizures.

31. The City of West Palm Beach, through its Police Department, maintained a policy or custom that allows for the use of unlawful force, warrantless searches, and seizures without sufficient legal cause.

32. Specifically, the policy permitted officers to act without proper legal justification, leading to excessive force, warrantless entry, and other unconstitutional acts in violation of the Plaintiffs' Fourth Amendment rights.

33. The City of West Palm Beach failed to properly train its officers in the use of force, warrantless entry, and the legal standards governing search and seizure.

34. The police officers involved were inadequately trained in recognizing the constitutional rights of individuals to be free from unlawful searches and seizures.

35. This failure to train was evident in the Defendants' conduct during the incident described, where they:
    a. Did not obtain a search warrant, despite having ample time to do so.
    b. Engaged in five hours of surveillance without probable cause.
    c. Used a pry bar to forcibly enter the secure home.
    d. Pointed firearms at the Plaintiffs without reasonable cause.

36. Failed to announce their intent prior to breaking into the residence. This failure to train resulted in a reckless disregard for the Plaintiffs' rights, as the officers failed to follow constitutional procedures during their unlawful entry into the home.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

37. The unconstitutional actions of the Police Defendants were directly caused by the policies and customs of the City of West Palm Beach.

38. These policies encouraged or at least permitted the use of excessive force and warrantless searches in circumstances where such actions were unwarranted and illegal.

39. Furthermore, the City's failure to provide adequate training to its officers in the legal use of force, the necessity of warrants, and the protection of constitutional rights was a moving force behind the violation of the Plaintiffs' Fourth Amendment rights.

40. As a direct result of the City's policies, customs, and failure to train, the Plaintiffs suffered significant harm, including:
    a. Plaintiff Harden lost 18 days of liberty, being wrongfully detained in a municipal facility.
    b. Both Plaintiffs suffered emotional distress due to having firearms pointed at them during the unlawful entry, and Plaintiff Harden endured additional distress from physical pressure-point application and Plaintiff Maybell endured additional distress from application of being handcuffed and temporarily detained under duress and coercion.
    c. The forced entry into the Plaintiffs' secure home without proper legal justification breached their right to privacy.

41. The City of West Palm Beach's policy clearly stated that officers are held to a higher standard of conduct and are expected to follow constitutional procedures. By failing to properly supervise and train its officers, the City allowed the Police Defendants to act with deliberate indifference to these standards.

42. The officers' actions violated not only the Plaintiffs' constitutional rights but also the City's own policies on maintaining the public's trust and avoiding unlawful conduct.

23

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

43. The City of West Palm Beach, through its Police Department, had a policy and custom that permitted the use of force and entry into private residences under conditions that often lacked proper legal justification.

44. This policy allowed officers to:

   a. Officers were expected to aggressively investigate suspicious persons and circumstances, which sometimes led to actions that ignored constitutional protections.

   b. The policy encouraged the use of force and prolonged surveillance, even in cases where less intrusive means were available or required.

   c. The practice of entering homes without obtaining a search warrant or having probable cause was tacitly permitted under certain circumstances.

45. The City of West Palm Beach failed to properly train its officers regarding:

   a. Officers were inadequately trained in the appropriate use of force, which led to excessive and unwarranted actions during their interactions with the Plaintiffs.

   b. There was a lack of training on constitutional requirements for obtaining warrants and conducting lawful searches, which contributed to the unlawful entry into the Plaintiffs' home.

   c. Officers were not sufficiently educated on the necessity of respecting individuals' Fourth Amendment rights, resulting in violations such as forced entry and failure to announce their presence.

46. The actions of the Police Defendants were directly influenced by the City's policies and customs, which provided insufficient guidance and oversight regarding the constitutional limits of police authority.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

47. The City's policy of aggressive investigation and lack of proper training led to the Police Defendants forcibly entering the Plaintiffs' secured home without a warrant, after prolonged surveillance and failed attempts to obtain consent or communicate with the occupants.

48. The failure to enforce a strict adherence to constitutional standards and the insufficient training on lawful procedures allowed officers to act in ways that breached the Plaintiffs' rights without fear of accountability.

49. The violation of the Plaintiffs' Fourth Amendment rights was a direct result of the City's policies and failure to adequately train its officers. The unlawful actions by the Police Defendants, including:

   a.   Prolonged monitoring of the secured home without obtaining a search warrant.
   b.   The use of a pry bar to forcibly enter the residence, reckless pointing of firearms, and application of pressure points and
   c.   Handcuffing and temporarily detaining alleged victim.

50. The Plaintiffs suffered emotional distress and physical harm due to the aggressive and unlawful actions of the officers, which were a direct consequence of the City's inadequate policies and training.

51. The City's policy and failure to train officers were the moving forces behind the constitutional violations experienced by the Plaintiffs. The City's approach to law enforcement, coupled with inadequate training and supervision, directly resulted in the infringement of the Plaintiffs' constitutional rights and caused significant harm.

52. During the forced entry on September 19, 2022, Police-Defendant applied a pressure point maneuver to Plaintiff Harden. This resulted in significant physical pain and discomfort.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

**53.** Both Plaintiffs were handcuffed during the encounter.
The improper use of handcuffs caused injury, including bruising and prolonged pain.

**54.** The physical force used to pry open the secured home caused structural damage and contributed to the Plaintiffs' physical distress.

**55.** The prying of the of the door, in effect, caused the contents of the secured home to exposed to general public, and in effect deprived Plantiffs of privacy and security and, ultimately, loss of life: e.g. happiness.

**56.** The Plaintiffs experienced acute emotional trauma due to the unwarranted police raid and forced entry into their home. The encounter included:

a.  The prolonged surveillance and aggressive entry without a proper announcement or warrant caused severe anxiety and fear.

b.   The police's refusal to communicate effectively and their reckless behavior (e.g., pointing firearms) contributed to ongoing emotional distress.

d.   Plaintiff Maybell's emotional distress was exacerbated by her prior traumatic experiences, including witnessing her fiancé's murder and undergoing related legal proceedings. This pre-existing trauma compounded the emotional impact of the police raid.

d.   As a direct result of the incident,
Plaintiff Maybell sought and received mental health On October 19, 2022, Maybell was treated at HCA Florida JFK North Hospital for anxiety directly related to the police raid.

e.   Subsequent mental health services were provided at South County Mental Health Center, highlighting the ongoing emotional distress and need for treatment.

26

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

57. Plaintiff Harden experienced 18 days of incarceration,
which was directly related to the unlawful actions of the Defendants.
This period of detention caused additional psychological harm and distress.

58.  The traumatic experience and resulting stress disrupted the Plaintiffs' personal
relationships and their ability to maintain normal social interactions. The trauma and
subsequent treatment caused Plaintiff Maybell to miss work, resulting in loss of wages
and productivity.

59. The incident led to direct financial losses due to missed work and
diminished earning capacity.

60. The incident caused direct financial losses for the Plaintiffs, including diminished earning
capacity. Plaintiff Maybell was unable to work for an extended period due to the trauma
and subsequent treatment resulting from the unlawful police raid and forced entry. This
loss of employment not only impacted her immediate income but also affected her overall
earning potential.

61. The Defendants' unlawful conduct, including unauthorized surveillance, forced entry, and
excessive use of force, resulted in significant physical injuries, emotional trauma, and
financial losses for the Plaintiffs.

62. The injuries include pressure point damage, handcuffing-related harm, and emotional
suffering exacerbated by pre-existing trauma.

63. The unlawful detention and resultant loss of wages further compounded the Plaintiffs'
hardships, demonstrating a clear link between the Defendants' actions and the harm
suffered.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Information of incident at question:

**64.** Police-Defendants and
Minor-Defendant
did not observe,
directly or independently,
Plaintiffs enter
'principal address';

**65.** On two separate incidents,
Maybell expressly informed Minor-Defendant
to recall her trip from
Tampa to West Palm Beach, Florida,
prior to arriving to 'principal address';

**66.** In another instance,
Minor-Defendant expressly informed
Police-Defendants that
Maybell instructed her to recall her trip;

**67.** On 09/19/2022 [AM], Minor-Defendant
was transported to incorporated City of West Palm Beach
where she made contact with
Police-Defendants, and
then both parties arrived to 'principal address'.

**68.** Plaintiffs voluntarily
refused and declined
-multiple times-
to 'consent' to entry

28

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

into secured home

for five 'approximate' hours.

69. Police-Defendants made attempts to

no avail to contact Third-Party Defendant to

request a key to enter 'principal address'.

70. Plaintiffs did not attempt to communicate

with Police-Defendants during period of

surveillance before forced entry;

71. Police-Defendants

made no attempt to

contact a judge to

make request of

search warrant

for any individual

at 'principal address'.

72. Plaintiffs bodies

entered into period of sleep

during period of surveillance

before forced entry;

73. Plaintiffs bodies

exited from period of sleep

at end of surveillance and point of

forced entry:

upon hearing sound of

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

prying and breaking
between bar(pry) and door.

74. Police-Defendants forced entry did not
accompany any words of announcement
other than uttering in unison,

"West Palm Beach Police Department";

75. The encounter between
Police-Defendants and Plaintiffs
involved no existence of:

(a) threat to the officers' safety;
(b) destruction of evidence;
(c) imminent harm to others; or
(d) escape from the home;

76. Police-Defendants
acts involved at 'principal address'
are lettered, as follows:

(a) five 'approximate' hours of:
(b) police surveillance of secured home;
(c) failed duty to intervene;
(d) refused to leave ;
(e) annoying police announcements;
(f) annoying light flashes
from cartilage window into home;
(g) attempted to enter though window;

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

(h) attempted to twice use

Minor-Defendant as ploy: and

(i) other attempted act to enter window;

(j) no communicated techniques;

(k) forced entry;

(l) pry-barred into secured home;

(m) state-created danger;

(n) multiple presence of officers;

(o) recklessly pointed firearms at Plaintiffs;

(p) improper threat(of intimidation)

by Cano against Maybell;

(q) pressure point applied to Harden;

(r) handcuffed Plaintiffs; and

(s,t,) breach of (2) types of privacy.


77. On Tuesday, September 20, 2022,

Defendant Ofc. Ryan Hanford

stated to Plaintiff Monique Maybell

that as long as I've been working

on the police force, I never had an officer tell another officer

to walk off or move" 'during an investigation".


78. On Tuesday, September 20, 2022,

Defendant Ofc. Cano, S., after the raid;

removed Plaintiff Maybell from Defendant Ofc. Ryan Hanford

and stated, "say he did it or got or go to jail.


Facts pertaining to Third-Party Defendant and Maybell:


31

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

**79.** On 10/11/2022, Third-Party Defendant imposed in writing against Maybell;
a notice of claim for damages;

**80.** On 10/15/2022, Maybell received -via USPS- 'Notice of claim of damages' from
Third-Party Defendant;

**81.** On 10/24/2022, Maybell sent to Third-Party Defendant  -via USPS-
'Objection to Deduction of Security Deposit';

**82.** Facts pertaining to
Maybell's treatment:

On 10/19/2022,
Maybell sought and received
emergency mental health services at:
'HCA Florida JFK North Hospital':

2201 45th St,
West Palm Beach, FL 33407; and

**83.** Doctor Steve Keehn prescribed
Maybell medication pertaining to anxiety; and
Dr. Keehn noted, "40 y/o female presents to the ED c/o anxiety.
Pt recently had police raid her house.
Pt also saw her fiancé killed in front her in Augusta, GA s/p being shot.
Pt was recently up in Augusta for murder trial and had to testify."

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

**84.** On 10/24/2022,

Maybell sought and received

referral mental health services at:

South County Mental Health Center

'16158 S Military Trail,

Delray Beach, FL 33484';

**85.** On 10/31/2022,

Maybell received

treatment mental health services at:

South County Mental Health Center

'16158 S Military Trail,

Delray Beach, FL 33484;

**86.** On 11/02/2022,

Maybell received

treatment mental health services at:

South County Mental Health Center

'16158 S Military Trail,

Delray Beach, FL 33484;

Information pertaining to religion:

**87.** Plaintiffs practice

a legal-cognizably

protected religion and

33

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

acts of religion

are held generally at

'principal address';

**88.** Plaintiffs were exercising

and performing acts of religion

at all material times

during encounter with

Police-Defendants and

Minor-Defendant

at 'principal address';

**89.** Claims of Incorporation:

The following claims of incorporation apply to all counts in this Complaint:

At all relevant times, Police-Defendants:

a. Acted individually or collectively or both;

b. Acted under color of state law;

c. Violated state law;

d. Created or increased a state-created danger;

e. Failed in their duty to intervene;

f. Acted knowingly or recklessly or both

in violation of Plaintiffs' constitutional rights,

which were clearly established.

g. These violations reflect breaches of the Fourth Amendment,

the Fourteenth Amendment, and Florida State Statute 876.05,

which mandates that law enforcement uphold constitutional principles.

h. The address relevant to each claim is

803 2nd Street, West Palm Beach, Florida, 33401.

34

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Incorporate:

   ii.    WEST PALM BEACH POLICE DEPARTMENT
         Standard Operating Procedure I-1
         CODE OF CONDUCT AND ETHICS OF POLICE
         DEPARTMENT MEMBERS
         Revised: June 4, 2020

   j.    WEST PALM BEACH POLICE DEPARTMENT
         Policy III-13
         USE OF FORCE/ INJURED PERSON INCIDENT
         Revised: July 14, 2022

   k.    WEST PALM BEACH POLICE DEPARTMENT
         Standard Operating Procedure 1-4
         UNBIASED POLICING
         Revised: November 11, 2011

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

## COUNTS 1-10

COUNT I: 42 U.S.C. § 1983 CLAIM FOR VIOLATION OF FIRST, FOURTH, AND
FOURTEENTH AMENDMENT RIGHTS INVOLVING ILLEGAL BREACH OF THE
CLEARLY ESTABLISHED CONSTITUTIONAL RIGHTS PROTECTING THE EXERCISE
OF RELIGION AND INVASION OF PRIVACY UNDER COLOR OF STATE LAW

90. Plaintiffs re-allege and incorporate by reference all preceding paragraphs in this
Complaint.

91. On September 19, 2022, in West Palm Beach, Florida, the Police-Defendants, acting
under color of state law, violated Plaintiffs' clearly established rights under the First,
Fourth, and Fourteenth Amendments by unlawfully entering Plaintiffs' residence,
interfering with their religious practices, and infringing upon their right to due process.

92. Specifically, the Police-Defendants forcibly entered Plaintiffs' home without a warrant,
probable cause, or exigent circumstances, following an approximate five-hour standoff in
which the Plaintiffs consistently refused consent to entry. During this standoff, the
Police-Defendants escalated their actions by using coercive tactics, including shining
bright lights into the home and attempting to manipulate Minor-Defendant to gain entry.

93. Once inside, the Police-Defendants pointed firearms at Plaintiffs, applied physical force
on Plaintiff Harden, and handcuffed both Plaintiffs without lawful justification, despite
the absence of any imminent threat, resistance, or destruction of evidence. These acts
constituted an unlawful search, violating Plaintiffs' Fourth Amendment right to be free
from unreasonable searches.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

**94.** Moreover, the forceful entry and subsequent detention without due process violated Plaintiffs' Fourteenth Amendment rights, specifically the right to liberty and due process under law. Further, the incident disrupted Plaintiffs' religious practices, constituting a violation of their First Amendment rights, as it interfered with their right to freely exercise their religion at their home.

**95.** The West Palm Beach Police Department's established policies, particularly Policy Rule 6: "Performance of Duties of a Police Officer" and Policy Rule 9: Confidentiality", were breached in this unlawful search.

**96.** Rule 6, Section A,
mandates that officers perform duties impartially, without favor or prejudice, and treat all citizens equally, including respect for their religious practices and social status.

**97.** The Defendants' actions violated this mandate by discriminating against Plaintiffs based on their religious practices and failing to afford them the same consideration and dignity as required by department policy.

**98.** The Police-Defendants' conduct further violated:

Rule 9: "Confidentiality",
which protects the public's right to security and privacy.

**99.** Specifically, Section A prohibits officers from divulging or acting upon confidential information unless necessary for duty, while Section B reinforces the public's right to privacy.

**100.** By unlawfully entering Plaintiffs' home, the Police-Defendants violated Plaintiffs' constitutional right to privacy, as protected under the Fourth Amendment, and disregarded the policies aimed at safeguarding confidential and private information.

37

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

101.     As a result of these unlawful actions, Plaintiffs experienced emotional distress, mental anguish, and a severe invasion of their privacy. Plaintiffs seek compensatory damages, punitive damages, and injunctive relief to prevent further violations of their constitutional rights. The claim amount sought is in excess of $75,000, with a maximum claim of $300,000.

COUNT II: 42 U.S.C. § 1983 CLAIM FOR VIOLATION OF CONSTITUTIONAL RIGHTS DUE TO UNLAWFUL ENTRY AND EXCESSIVE FORCE

102.     Plaintiffs re-allege and incorporate by reference all preceding paragraphs in this Complaint.

103.     On September 19, 2022, Police-Defendants, acting under the color of state law, violated Plaintiffs' clearly established constitutional rights under the Fourth, Fifth, and Fourteenth Amendments by unlawfully forcing entry into their secured home at:

803 2nd Street,
West Palm Beach, Florida 33401.

104.     This entry, conducted without a warrant, probable cause, or exigent circumstances, violated the Fourth Amendment's protection against unreasonable searches and seizures, resulting in a trespass and an unlawful search of the home.

105.     The Fifth Amendment was breached due to the destruction and damage to Plaintiffs' property, which deprived them of their property rights without due process or just compensation.

38

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

106.     Additionally, the Fourteenth Amendment was violated as the officers executed the forced entry after repeated refusals and failed to respect Plaintiffs' constitutional rights, denying them due process and equal protection.

107.     The Police-Defendants also violated the West Palm Beach Police Department's Standard Operating Procedure I-1 Code of Conduct and Ethics of Police Department Members, specifically Section 8, which mandates that officers use only necessary and reasonable force and avoid unnecessary violence.

108.     Section 8B requires that force be used only with the greatest restraint and only after de-escalation techniques have been ineffective or impractical.

109.     Section 8B-1 demands that officers refrain from unnecessary infliction of pain or suffering and avoid cruel, degrading, or inhumane treatment.

110.     Section 8C imposes a duty on officers to intervene if excessive force is used by another officer.

111.     Additionally, the West Palm Beach Police Department's Policy III-13 requires that officers exercise restraint and use non-lethal force only when no other reasonable alternatives exist.

112.     The officers' actions, including applying a pressure point to Plaintiff Gregg Harden and wrongfully handcuffing Plaintiff Monique Maybell, violated these policies.

113.     The West Palm Beach Police Department, as a municipal entity, is liable under Monell v. Department of Social Services for these violations.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

114.     The Department's official policies, customs, and practices, including a failure to
adequately train, supervise, or discipline its officers, demonstrated deliberate indifference
to the risk of such constitutional violations.

115.     This deliberate indifference reflects a policy or custom that allowed or condoned
unlawful entry and excessive force, directly causing the harm suffered by Plaintiffs.

116.     As a result of these actions,
Plaintiffs experienced physical harm, including emotional distress and property damage;
emotional harm from the traumatic experience; and economic harm related to property
damage and mental health treatment.

117.     Plaintiffs seek compensatory damages ranging from $75,000 to
$300,000, punitive damages of $900,000, and injunctive relief to prevent further
violations and ensure compliance with constitutional and departmental
standards. Plaintiffs seek all necessary relief to address these violations and prevent
future occurrences.

COUNT III: 42 U.S.C. § 1983 CLAIM OF ILLEGAL BREACH OF CLEARLY
ESTABLISHED CONSTITUTIONAL RIGHTS AGAINST UNREASONABLE
SEARCH OF A SECURED HOME UNDER THE COLOR OF STATE LAW

118.     Plaintiff Monique Maybell re-alleges and incorporates by reference all preceding
paragraphs of this complaint.

119.     Plaintiff brings this claim under 42 U.S.C. § 1983 against the Police-Defendants
for violating her Fourth and Fourteenth Amendment rights.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

120.     On September 19, 2022, between 10:00 PM and 7:00 AM,
the Police-Defendants forcibly entered Plaintiff's residence at:

803 2nd Street,
West Palm Beach, Florida, 33401
using a pry-bar to damage the entry door.

121.     This entry occurred without a valid search warrant, consent from the tenant-
owner, or any exigent circumstances, thus constituting an unreasonable search and
seizure in violation of the Fourth Amendment.

122.     The unlawful entry led to the false detention and imprisonment of Plaintiff
and her guest, Gregg Harden, infringing upon their rights to Due Process and Equal
Protection under the Fourteenth Amendment.

123.     The Police-Defendants did not make any attempt to obtain a search warrant or to
contact the tenant-owner for consent, nor did they demonstrate any emergency
conditions that would justify bypassing legal requirements for entry.

124.     Furthermore, the forced entry caused significant emotional distress to Plaintiff
Maybell, who required emergency mental health services as a direct result of the Police-
Defendants' actions.

125.     In addition to violating
Plaintiffs' constitutional rights, the Police-Defendants' actions were in direct
contravention of the West Palm Beach Police Department's Standard Operating
Procedure I-1 Code of Conduct and Ethics, particularly:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

a. Section 8 (Use of Force):

Officers are required to use only necessary and reasonable force.

The forced entry into the secured home and the use of a pry-bar to damage the door were unnecessary and unreasonable actions.

b. Section 8B:

Force should only be used with the greatest restraint and after de-escalation techniques have been ineffective or impractical. The Police-Defendants did not employ adequate de-escalation techniques before resorting to physical force.

c. Section 8B-1: Officers must refrain from unnecessary infliction of pain or suffering and avoid cruel, degrading, or inhumane treatment. The use of physical force, including applying a pressure point to Plaintiff Harden, wrongfully handcuffing Plaintiff Maybell, subjecting Plaintiff Harden to 18 days of imprisonment, and pointing guns at both Plaintiffs, not only violated this requirement but also involved degrading and humiliating treatment by embarrassing the Plaintiffs in front of their neighbors and community.

d. Section 8C (Duty to Intervene):

If excessive force is used by one officer, other officers must intervene.

The Police-Defendants failed to intervene and stop the excessive use of force during the entry.

c. Section 9 (Confidentiality):

The public has a right to security and privacy, and information obtained must not be improperly divulged. The actions of the Police-Defendants did not respect the Plaintiffs' right to privacy and were conducted without regard for maintaining confidentiality.

d. Section 10 (Integrity):

42

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Members must not engage in acts that compromise their integrity and public confidence. The Police-Defendants' actions compromised the public trust and failed to uphold the integrity expected of law enforcement officers.

The West Palm Beach Police Department's failure to adequately train, supervise, or discipline its officers, coupled with its deliberate indifference to these failures, reflects a policy or custom that allowed or condoned unlawful entry and excessive force.

126.    This deliberate indifference was a direct cause of the harm suffered by Plaintiffs.

127.    As a result of the Defendants' unlawful actions, Plaintiff Maybell suffered property damage, emotional trauma, and a breach of her constitutional rights. The harm suffered includes physical injury, emotional distress, and economic damages related to property damage and mental health treatment.

128.    Plaintiffs seek compensatory damages ranging from $75,000 to $300,000, punitive damages of $900,000, and injunctive relief to prevent further violations and ensure compliance with constitutional and departmental standards.

COUNT IV: 42 U.S.C. § 1983 CLAIM OF ILLEGAL BREACH OF
THE CLEARLY ESTABLISHED CONSTITUTIONAL RIGHT TO BE FREE FROM
POLICE'S EXCESSIVE USE OF FORCE BY RAIDING AND
INTENTIONALLY POINTING FIREARMS AT PLAINTIFFS

129.    Plaintiff Monique Maybell realleges and incorporates by reference all preceding paragraphs of this complaint.

130.    Plaintiff asserts a claim under 42 U.S.C. § 1983 against the Police-Defendants for violating her constitutional rights through the excessive use of force. The defendants'

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

conduct violated the Fourth Amendment right to be free from unreasonable searches and seizures, as well as the Fourteenth Amendment right to due process and equal protection.

131. Specifically, Police-Defendants raided the plaintiffs' residence at:
803 2nd Street, West Palm Beach, FL 33401
without justification, using excessive force by pointing firearms at Plaintiffs, despite the lack of a credible threat to officer safety, destruction of evidence, or imminent harm.

132. The excessive use of force was a direct result of the West Palm Beach Police Department's failure to implement and enforce adequate policies and practices regarding the use of force and officer training.

133. This lack of enforcement and accountability is in direct violation of the West Palm Beach Police Department Standard Operating Procedure, Unbiased I-4,which mandate fair, impartial, and restrained conduct by officers.

134. The West Palm Beach Police Department's policies explicitly require the fair and impartial treatment of all individuals without discrimination
(SOP I-4, Section V, Subsection B),
as well as the use of de-escalation techniques before resorting to force (West Palm Beach Police Department Policy III-13 Use of Force/Persons incident, Section II).

135. Furthermore, officers are required to intervene in situations involving excessive force (SOP I-11, Section 8, Subsection C), and to use only the amount of force necessary and reasonable (SOP I-1, Section 8, Subsection A).

136. The actions of the Police-Defendants caused significant harm to the Plaintiffs, including:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

a.  Plaintiffs were unlawfully detained under threat of deadly force,

b. with Plaintiff Maybell temporarily held due to the false assumption she was a kidnapped victim; and

c. Plaintiff Harden was taken into custody; and

d. imprisoned for 18 days without legal justification;

e.. Both Plaintiffs experienced severe emotional distress; resulting in the need for ongoing mental health treatment;

f. Plaintiffs suffered physical symptoms associated with the emotional trauma and fear from the raid;

g. The raid and detention inflicted the following harm on the Plaintiffs

h. The Police-Defendants breached the Plaintiffs' Fourth Amendment rights through the use of excessive force and illegal search and seizure;

i. As noted, Plaintiff Maybell received emergency mental health treatment following the raid and has ongoing needs for care, reflecting the serious emotional and psychological harm caused by the defendants'actions;

j. Plaintiffs may have incurred economic losses related to medical expenses for mental health care and damage to property during the forced entry.

137.　　The failure to properly train or supervise officers regarding the use of force, the duty to intervene, and de-escalation techniques under SOP I-4 and I-11 resulted in the deliberate indifference to the constitutional rights of the Plaintiffs.

138.　　Plaintiffs seek compensatory damages for the constitutional violations suffered, including emotional distress, mental anguish, and economic harm. The compensatory damages sought are no less than $75,000 andno more than $300,000.

139.　　In light of the deliberate and reckless disregard for Plaintiffs' rights, punitive damages in the amount of $900,000 are sought to deter future violations and punish the responsible parties.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

140.     Plaintiffs request injunctive relief to prevent further violations of their
constitutional rights, including but not limited to requiring the West Palm Beach Police
Department to implement proper training on the use of force,
de-escalation, and the duty to intervene in situations involving excessive force.

141.     Plaintiffs also request that the court compel the department to enforce existing
policies related to fair and impartial treatment, as well as officer conduct during searches
and seizures.

142.     In summary, the constitutional violations committed by Police-Defendants were a
direct result of the West Palm Beach Police Department's failure to adequately train,
supervise, and hold accountable its officers.

COUNT V: 42 U.S.C. § 1983 CLAIM FOR FALSE DETENTION AND FALSE
IMPRISONMENT UNDER COLOR OF STATE LAW

143.     Plaintiff Monique Maybell realleges and incorporates by reference all preceding
paragraphs of this complaint.

144.     Plaintiff asserts a claim under 42 U.S.C. § 1983 against the Police-Defendants for
violating her constitutional rights through false detention and false imprisonment.

145.     On September 19, 2022, the Police-Defendants unlawfully detained and
imprisoned Plaintiffs Monique Maybell and Gregg Harden at their residence located at:
803 2nd Street, West Palm Beach, Florida, 33401.
The Plaintiffs were subjected to detention and imprisonment without legal justification or
probable cause.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

146.    The Police-Defendants unlawfully detained Plaintiff Maybell for approximately
five minutes despite having no reasonable suspicion or probable cause to believe that she
had committed, was committing, or was about to commit a crime.

147.    This detention was carried out under circumstances where the Police-Defendants
had already identified Maybell as a victim, further demonstrating the lack of
justification.

148.    Plaintiff Gregg Harden was subjected to false imprisonment for eighteen days.
The Police-Defendants had no probable cause to support a search or arrest warrant,
resulting in his unlawful confinement.

149.    The actions of the Police-Defendants violated Plaintiffs' Fourth Amendment
rights to be free from unreasonable searches and seizures and their Fourteenth
Amendment rights to Due Process and Equal Protection. The false detention and
imprisonment inflicted substantial harm on the Plaintiffs. The violations occurred due to
the deliberate indifference of the municipality, which failed to properly train and
supervise its officers.

150.    According to the West Palm Beach Police Department Standard Operating
Procedures, the following policies were violated:

The officers failed to intervene during the excessive use of force,
despite having a duty to do so.
(SOP I-1, Section 8 and C)

151.    The officers acted without reasonable suspicion or credible information, thereby
violating the policy for unbiased and fair treatment. (SOP I-4, Section 1 and 3)

47

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

**152.**      The officers lacked reasonable suspicion based on articulable facts and did not

adhere to procedures that required credible information.

(SOP I-4, Section 3)

**153.**      The defendants' actions directly caused physical, emotional, and economic harm

to the Plaintiffs. The Plaintiffs suffered physical distress, emotional trauma, loss of

companionship, and forced labor. Plaintiffs seek compensatory damages in an amount no

less than $75,000 and no more than $300,000. Plaintiffs also seek punitive damages in

the amount of $900,000 to deter future misconduct by other officers.

**154.**      Additionally, Plaintiffs request injunctive relief to address the ongoing effects of

the violations.

**155.**      The violations stemmed from an official policy or custom of the municipality, as

demonstrated by the West Palm Beach Police Department's failure to adhere to its own

policies and procedures, resulting in the constitutional violations experienced by the

Plaintiffs.

COUNT VI: 42 U.S.C. § 1983 CLAIM OF ILLEGAL BREACH OF THE CLEARLY
ESTABLISHED CONSTITUTIONAL RIGHT
AGAINST SELF-INCRIMINATION AND DURESS BY IMPROPER THREAT OF
POLICE-DEFENDANTS UNDER THE COLOR OF STATE LAW, INDUCING
MAYBELL TO ASSENT TO FALSE STATEMENT AGAINST HARDEN;

**156.**      Plaintiff Monique Maybell realleges and incorporates by reference all preceding

paragraphs of this complaint.

**157.**      Plaintiff asserts a claim under 42 U.S.C. § 1983 against the West Palm Beach

Police Department, specifically alleging that the Police-Defendants, acting under the

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

color of state law, violated her constitutional rights by using coercion and improper
threats to compel her into making a false statement against Gregg Harden.

158.     The Police-Defendants, through their actions, infringed upon Maybell's Fifth
Amendment right against self-incrimination by inducing her, under duress, to provide
false testimony.

159.     Additionally, their conduct resulted in the wrongful detention of Harden, violating
his Fourth Amendment rights against unreasonable searches and seizures, and breaching
both Maybell's and Harden's rights to Due Process and Equal Protection under the
Fourteenth Amendment.

160.     The deprivation of these constitutional rights occurred as a consequence of the
department's failure to properly train or supervise its officers, thus reflecting an unlawful
policy or custom.

161.     As demonstrated by West Palm Beach Police Department Standard Operating
Procedure I-4, particularly Section 5, which mandates fair and impartial treatment, and I-
1, which outlines the expected conduct of police officers, the officers involved acted in
direct contravention of these established policies. The department's failure to uphold
these standards contributed to the violation of Maybell and Harden's constitutional
rights.

162.     Further, the policies set forth, including the prohibition against biased policing
based on individual demographics, the requirement for reasonable use of force, and the
duty to intervene in instances of excessive force, were disregarded, allowing the
unconstitutional actions to unfold.

49

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

**163.** The misconduct perpetrated by the Police-Defendants, which included improper threats, the coercion of Maybell, and the wrongful arrest and detention of Harden, were directly linked to the department's systemic failure to enforce its own policies and to ensure that officers acted within the confines of the Constitution.

**164.** This policy or custom was the moving force behind the violation of both Maybell's and Harden's constitutional rights, resulting in significant emotional, psychological, and physical harm to the plaintiffs, demonstrating the department's responsibility for the unconstitutional conduct under Monell v. Department of Social Services.

**165.** Plaintiffs seek compensatory damages in an amount no less than $75,000 and no more than $300,000. Plaintiffs also seek punitive damages in the amount of $900,000 to deter future misconduct by other officers.

COUNT VII: 42 U.S.C. § 1983 CLAIM OF ILLEGAL BREACH OF THE CONSTITUTIONAL RIGHT TO EQUAL PROTECTION DUE TO POLICE FAILURE TO INTERVENE UNDER COLOR OF STATE LAW

**166.** Plaintiffs reallege and incorporate by reference all preceding paragraphs of this complaint.

**167.** Plaintiffs assert a claim under 42 U.S.C. § 1983 against the Police-Defendants for failing to intervene and prevent the violation of their clearly established constitutional rights. Acting under the color of state law as government officials, the Police-Defendants were personally involved in the violations, including the illegal search and seizure, coercion, and breach of Plaintiffs' privacy and religious freedoms.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

168.     The actions of the Police-Defendants directly caused the deprivation of Plaintiffs'
rights to Due Process and Equal Protection under the Fourteenth Amendment, as well as
their First, Fourth, Fifth, and Ninth Amendment rights to privacy, freedom of religious
practice, freedom from self-incrimination, and protection from unreasonable searches and
seizures.

169.     The Police-Defendants' failure to intervene allowed these violations to occur,
resulting in significant emotional and psychological harm to the Plaintiffs, including
Maybell's coerced statement and Harden's wrongful imprisonment for eighteen days.

170.     This constitutional breach occurred not due to the actions of rogue officers but
rather as a result of the policies and customs of the West Palm Beach Police Department,
which failed to adequately train or supervise its employees.

171.     The department's policy failures, specifically in implementing measures to
prevent biased policing and excessive force, were the moving force behind the
constitutional violations. Despite established protocols in the department's Standard
Operating Procedure I-1, which requires officers to act reasonably, uphold integrity, and
intervene in cases of excessive force, the Police-Defendants violated these policies.

172.     The lack of proper supervision and training directly led to the unlawful conduct,
and the defendants acted with reckless indifference to the rights of the Plaintiffs.

173.     As a result of these failures, Plaintiffs seek compensatory damages for the harm
suffered, including lost wages, medical expenses related to mental health treatments, and

51

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

emotional distress. Plaintiffs further request that the court impose punitive damages, given the malicious intent and reckless disregard displayed by the Police-Defendants.

174.     Plaintiffs also ask the court to order the West Palm Beach Police Department to implement policy reforms to prevent future constitutional violations, including stronger accountability measures, improved training, and oversight mechanisms to ensure compliance with constitutional standards.

175.     This claim demonstrates that the violation was not an isolated incident but occurred due to an entrenched government policy or custom, as reflected in the department's failure to enforce its own rules regarding the prevention of excessive force and the protection of civil rights.

176.     Plaintiffs seek compensatory damages in an amount no less than $75,000 and no more than $300,000. Plaintiffs also seek punitive damages in the amount of $900,000 to deter future misconduct by other officers.

COUNT VIII: 42 U.S.C. § 1983 CLAIM AGAINST POLICE DEFENDANTS FOR VIOLATIONS OF CONSTITUTIONAL RIGHTS AND PUNITIVE DAMAGES

177.     Plaintiffs reallege and incorporate by reference all preceding paragraphs of this complaint.

178.     Plaintiffs assert a claim under 42 U.S.C. § 1983 against the Police Defendants for punitive damages, contending that their conduct demonstrated reckless or callous indifference to Plaintiffs' clearly established constitutional rights, and was motivated by evil intent or malice.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

179.     The Police Defendants are not entitled to qualified immunity because their actions
were in violation of well-established constitutional protections, which any reasonable
officer would have known.

180.     The Police Defendants, acting under color of state law, violated the Plaintiffs'
rights under multiple constitutional amendments, including:

a. First Amendment –
The Plaintiffs' right to freely practice their religion was infringed. Police Defendants
entered the premises during a religious observance without respecting the sanctity of the
event.

b. Fourth Amendment –
The right to be free from unreasonable search and seizure
was violated when Police Defendants forcibly entered Plaintiffs' home without probable
cause, a warrant, or exigent circumstances. There was no immediate threat or destruction
of evidence to justify their actions.

c. Fifth Amendment –
The Plaintiffs' right against self-incrimination was violated when they were coerced into
statements after the unlawful entry and search.

d. Fourteenth Amendment –
The Police Defendants violated Plaintiffs' Due Process rights by engaging in unlawful
seizures and false imprisonment, and their Equal Protection rights through racial profiling
and discriminatory actions.

181.     The Police Defendants violated the Plaintiffs' rights under the Fourteenth
Amendment by engaging in unlawful seizures, false imprisonment, and racial profiling,
which deprived the Plaintiffs of their Due Process rights.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

182.     Furthermore, the Police Defendants violated the Plaintiffs' Equal Protection rights
by engaging in discriminatory actions that were rooted in racial profiling, targeting them
based on their race in a predominantly Black neighborhood.

183.     According to demographic data,
West Palm Beach has a significant Black population, making up approximately 33.1% of
the population, compared to 56.3% of White residents.

184.     The neighborhood where the incident occurred—803 2nd Street—sits in an area
with an even higher percentage of Black residents. This type of aggressive policing is
disproportionately applied in Black communities, while similar levels of force and
unlawful tactics are rarely seen in predominantly White neighborhoods.

185.     The conduct of the Police Defendants demonstrates a troubling pattern of racial
profiling and discriminatory policing practices that are not equally applied to other racial
groups within the same county, thereby violating the Plaintiffs' constitutional right to
equal protection under the law.

186.     The actions of the Police Defendants caused substantial emotional distress,
including symptoms requiring medical and mental health treatment for Maybell and
Harden, as well as significant violation of their privacy and dignity.

187.     To establish a claim for punitive damages, the Plaintiffs must show that the Police
Defendants acted with evil intent or malice.

188.     The following facts from the incident demonstrate that the Defendants' conduct
was aimed at harming the Plaintiffs:

a.  Five Hours of Surveillance:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Police Defendants engaged in prolonged, unnecessary surveillance of the Plaintiffs' secured home, despite knowing they had no warrant or probable cause to enter. This shows a willful disregard for Plaintiffs' privacy and constitutional rights.

b. Repeated Annoying Tactics:

The officers deliberately used bright lights, loud noises, and multiple attempts to enter the premises through windows, without justification. These actions were clearly intended to harass, intimidate, and cause distress to the Plaintiffs, rather than seek a lawful resolution.

c. Use of Minor-Defendant as a Ploy:

Police Defendants repeatedly attempted to manipulate Minor-Defendant to assist in their unlawful entry, disregarding her role and emotional state. This demonstrates a malicious intent to gain entry by any means, regardless of legality.

d. Intimidation and Coercion:

Officer Cano made threats of intimidation against Maybell and applied physical pressure to Harden, further proving that the officers were acting with malice and a desire to harm rather than lawfully enforce the law.

e. Pointing Firearms:

Police Defendants recklessly pointed firearms at the Plaintiffs without provocation, clearly aiming to intimidate and terrorize them. This use of force was entirely disproportionate and demonstrated a willingness to cause fear and harm.

189.    The Police Defendants' conduct also exhibited reckless or callous indifference to the Plaintiffs' constitutional rights. This indifference is demonstrated by the following:

a. Failure to Obtain a Warrant:

Despite ample time, the Police Defendants made no effort to obtain a search warrant,

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

even though they had no lawful basis for entering the home. This shows a conscious disregard for the legal process and Plaintiffs' Fourth Amendment rights.

b. . Lack of Threats or Exigent Circumstances:
The officers knew that there was no immediate threat, destruction of evidence, or imminent harm to justify a warrantless entry. Their refusal to leave the property after being denied entry multiple times underscores their callous disregard for Plaintiffs' rights.

c. Excessive Use of Force:
The forced entry, combined with the use of a pry-bar and the pointing of firearms, was completely unjustified given the non-violent nature of the situation. Police Defendants failed to use de-escalation techniques and instead escalated the situation with unnecessary force, showing indifference to the physical and emotional harm they inflicted on Plaintiffs.

e. Failure to Intervene:
Despite multiple officers being present, none intervened to stop the unconstitutional actions, demonstrating a collective indifference  to the violation of Plaintiffs' rights.

190.    The Police Defendants acted under the West Palm Beach Police Department Standard Operating Procedure I-4 Code of Conduct and Ethics of Police Department Members, which emphasizes safeguarding lives, protecting the innocent, and respecting constitutional rights.

191.    Their failure to follow these guidelines demonstrates a systemic issue within the police department, as these actions were not isolated incidents, but indicative of a larger pattern of constitutional violations.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

192.     The actions of the Police Defendants show a pattern of recklessness, malice, and
callous indifference** toward the Plaintiffs' constitutional rights, justifying punitive
damages. The violations of the First, Fourth, Fifth, and Fourteenth Amendments were
clear and egregious. The officers' refusal to follow their own Code of Conduct further
proves their intent to harm Plaintiffs, making them liable for punitive damages.

193.     Additionally, under Monell, the municipality is liable for the systemic issues that
enabled this misconduct.Plaintiffs seek compensatory damages in an amount no less than
$75,000 and no more than $300,000. Plaintiffs also seek punitive damages in the amount
of $900,000 to deter future misconduct by other officers.

COUNT IX: 42 U.S.C. § 1983 CLAIM OF STATE-CREATED DANGER AGAINST WEST
PALM BEACH POLICE DEPARTMENT, OFFICERS HANSON, CANO, WILSON, AND
MORRIS

194.     Plaintiffs reallege and incorporate by reference all preceding paragraphs.

195.     This claim arises under 42 U.S.C. § 1983 for violations of constitutional rights
under the color of state law. Plaintiffs allege that the West Palm Beach Police Department
("WPBPD") and Officers Hanson, Cano, Wilson, and Morris, acting under the color of
state law, engaged in conduct that violated the Plaintiffs' Fourth, Fifth, and Fourteenth
Amendment rights through the creation and exacerbation of danger in a non-custodial
context.

196.     The actions taken by the Police-Defendants directly and proximately caused
Plaintiffs' injuries and emotional distress.

57

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

197.     At all relevant times, Defendants were acting under the color of law in their
official capacity as officers employed by the WPBPD. The WPBPD operates as a
governmental entity and the individual officers, including Hanson, Cano, Wilson, and
Morris including other Police-Defendants, were performing duties as law enforcement
agents during the events in question.

198.     Plaintiffs' rights under the Fourth Amendment, which protects against
unreasonable searches and seizures, were violated when the Police-Defendants
unlawfully entered Plaintiffs' home without a search warrant, engaged in excessive use of
force, and conducted an illegal detention.

199.     Defendants' actions in trespassing, breaking and entering, pointing firearms at
Plaintiffs, and applying pressure points during handcuffing constituted an unlawful
seizure.

200.     Plaintiffs did not present any threat to the officers' safety, nor was there a risk of
destruction of evidence, imminent harm to others, or an attempt to escape, making the
forced entry and use of force entirely unjustified.

201.     Plaintiffs' substantive due process rights were violated through the state-created
danger doctrine. The Police-Defendants, through their reckless and egregious conduct,
created and exacerbated the risk of harm to Plaintiffs by forcibly entering their home and
threatening their safety with firearms, causing severe emotional distress and physical
harm.

202.     The officers' conduct was a flagrant violation of the duty to intervene, especially
when excessive force was used without de-escalation techniques, as per WPBPD's own
policies.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

203.     Plaintiffs, as members of a protected class, were denied equal protection when Defendants failed to treat them with the dignity and impartiality mandated by WPBPD's code of conduct (see WPBPD Standard Operating Procedure I-1, sections A-1 and C-8).

204.     The Defendants' actions were the direct cause of the Plaintiffs' emotional distress, physical symptoms, and medical expenses. Their decision to forcibly enter the home, combined with the reckless use of force and threats of violence, was the moving force behind the harm suffered by the Plaintiffs.

205.     Each Defendant, including Officers Hanson, Cano, Wilson, and Morris, was personally involved in the violation:

a. Officer Hanson directly facilitated the unlawful entry and participated in the pointing of firearms at Plaintiffs.

b. Officer Morris applied unnecessary pressure points to Plaintiff Harden and made verbal threats, violating WPBPD's policy on the use of force and discretion.

c. Officer Wilson and Officer Cano failed to intervene when excessive force was used, breaching their duty to prevent harm as outlined in WPBPD's code of conduct (section C on the duty to intervene).

206.     The WPBPD failed to properly train or supervise its officers on the proper use of force, de-escalation techniques, and the lawful execution of searches and seizures. This failure led directly to the constitutional violations experienced by Plaintiffs.

207.     The lack of adequate training on the duty to intervene also contributed to the excessive use of force. WPBPD's implicit policies or customs allowed officers to disregard protocol concerning the use of force, which was the moving force behind the violation of Plaintiffs' rights.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

208.    The use of excessive force in non-threatening situations and failure to intervene
constituted a persistent and widespread practice that amounts to municipal liability under
Monell.

209.    By breaking into the Plaintiffs' home without cause and pointing firearms at them,
the Defendants created a specific danger. Their active conduct heightened the risk of
harm by escalating the situation unnecessarily.

210.    Defendants should have known that their conduct would cause emotional and
physical harm, particularly since Plaintiffs were not posing any threat.

211.    The excessive use of force, particularly with firearms, in a non-threatening
environment, was reckless and likely to result in harm.

212.    The forced entry and use of firearms, despite having no exigent circumstances,
shocks the conscience and reflects a complete disregard for the safety and constitutional
rights of the Plaintiffs.

213.    Plaintiffs, who were alone and peacefully asleep in their home, were subject to a
heightened risk of harm due to the direct actions of the police officers.

214.    The Defendants' affirmative actions directly caused Plaintiffs' emotional distress
and physical injuries, establishing a clear causal link between the unlawful conduct and
the harm suffered.

215.    Plaintiffs seek compensatory damages in the range of $75,000 to $300,000 for
emotional distress, medical bills, and loss of wages resulting from the psychological and
physical harm caused by the Defendants. Plaintiffs request punitive damages in the

60

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

amount of $900,000 to punish the Defendants for their reckless and egregious behavior and to deter future misconduct.

216.     Plaintiffs request that the Court order WPBPD to change its policies and training procedures concerning the use of force, warrantless entry, and duty to intervene, to prevent such violations from occurring in the future.

217.     Defendants' actions, acting under color of state law, directly caused a violation of Plaintiffs' Fourth, Fifth, and Fourteenth Amendment rights. The reckless conduct and failure to intervene, coupled with WPBPD's lack of adequate training, resulted in significant harm to Plaintiffs. Plaintiffs seek compensatory, punitive, and injunctive relief as detailed above.

COUNT X: 42 U.S.C. § 1983 CLAIM OF ILLEGAL BREACH OF
THE CLEARLY ESTABLISHED CONSTITUTIONAL RIGHT OF EQUAL
PROTECTION OF THE LAWS BY RACIAL PROFILING UNDER THE COLOR OF
STATE LAW;

218.     Plaintiffs reallege and incorporate by reference all preceding paragraphs of this complaint. Plaintiffs assert a claim under 42 U.S.C. § 1983 for the violation of their constitutional right to equal protection under the law, specifically through the use of racial profiling by the Police-Defendants.

219.     This claim is substantiated by the historical context of racial profiling in downtown West Palm Beach, a pattern of discriminatory enforcement that has been

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

documented and criticized in local and national reports.

220.    On September 19, 2022, the Police-Defendants, motivated by racial biases, engaged in unlawful profiling, leading to the unconstitutional seizure of Maybell's statements and other evidence, as well as Harden's wrongful imprisonment for eighteen days without probable cause.

221.    These actions were not only a breach of Plaintiffs' rights but also reflective of a broader, troubling pattern of racial discrimination.

222.    Plaintiffs reserve the right to amend this complaint or file supplemental pleadings to include additional claims related to racial profiling,  should further statistical data and evidence be obtained.

223.    The collection and analysis of relevant data are ongoing, and Plaintiffs anticipate that such evidence may substantiate further claims of racial profiling and discriminatory practices by the Police-Defendants.

224.    Pursuant to Federal Rule of Civil Procedure 15, Plaintiffs seek leave to amend this complaint as necessary to incorporate additional factual allegations and legal theories supported by new evidence or developments that arise during the course of litigation.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Plaintiffs' Claims for Relief

WHEREFORE, Plaintiffs respectfully request the following relief;

**225.**      Plaintiffs seek relief in excess of $75,000 per claim,

with a maximum claim amount of $300,000 per claim.

The following outlines the specific forms of relief sought:

**226.**      A. Plaintiffs re-allege and incorporate by reference all of the preceding paragraphs

in this complaint.

**227.**      B. A trial by jury on all issues so triable under the U.S. Constitution and

applicable laws,

including but not limited to claims arising under 42 U.S.C. § 1983.

**228.**      C. An award of general and special compensatory damages against all

Defendants, in an amount to be determined at trial, for the physical, emotional, and

economic harm suffered by Plaintiffs as a result of the Defendants' unlawful actions,

including violations of Florida Statutes § 112.1903 (relating to law enforcement

misconduct) and § 933.102 (relating to no-knock search warrants).

**229.**      D. An award of punitive damages in an amount sufficient to punish Defendants

for their willful, wanton, and reckless disregard of Plaintiffs' constitutional rights, and to

deter similar conduct in the future.

**230.**      E. Injunctive relief ordering Defendants to cease all unlawful practices, including

but not limited to the unconstitutional search and seizure practices in violation of the

Fourth Amendment, and specifically enjoining any further actions in violation of Florida

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Statutes § 933.102.

231.     F. Injunctive relief ordering Defendants to comply with all training and policy
requirements under Florida Statutes § 112.1903, including mandatory training on
traumatic brain injury (TBI) and post-traumatic stress disorder (PTSD), and to implement
safeguards to prevent future constitutional violations.

232.     G. An exclusionary ruling, pursuant to the Fourth and Fifth Amendments,
requiring the exclusion of all evidence and statements obtained as a result of illegal
searches, seizures, or interrogations conducted by Defendants, and barring their use in
any subsequent legal proceedings.

233.     H. An order directing Defendants to return any property or funds unlawfully
seized from Plaintiffs, and to reimburse Plaintiffs for any financial losses incurred due to
Defendants' unlawful conduct, including but not limited to fees or charges that were not
legally permissible.

234.     I. A declaratory judgment stating that any contracts, agreements, or promissory
notes obtained under duress, or through illegal or unconstitutional actions by Defendants,
are null and void.

235.     J. An award of reasonable attorneys' fees and costs incurred in connection with
this action from Defendants, pursuant to 42 U.S.C. § 1988, as well as any applicable
Florida statutes.

236.     K. An award of pre-judgment and post-judgment interest on all compensatory
damages and attorneys' fees as permitted by law.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

237.    L. An order directing the exclusion of Plaintiff Monique Maybell's and Gregg
Hardin's statements and other evidence obtained through unconstitutional means,
pursuant to the Exclusionary Rule under the Fourth and Fifth Amendments.

238.    M. An award of enhanced or punitive damages as permitted by law, in an amount
to be proven at trial, for the Defendants' gross misconduct and deliberate indifference to
Plaintiffs' rights.

239.    N. An award of costs and expenses against the Defendants, including but not
limited to filing fees, discovery costs, and expert witness fees.

240.    O. A preliminary and permanent injunction enjoining Defendants from engaging
in any further unconstitutional conduct, including the unlawful collection of fees or the
execution of no-knock warrants in violation of Florida Statutes § 933.102.

241.    P. A declaration that Defendants' actions violated Plaintiffs' rights under the U.S.
Constitution, specifically the Fourth, Fifth, and Fourteenth Amendments, and relevant
Florida statutes, thereby preserving all of Plaintiffs' rights to further legal recourse.

242.    Q. An order for this Court to assume jurisdiction over this action and to retain
jurisdiction for the enforcement of any judgments or orders entered.

243.    R. Any and all other relief that this Court may deem just and appropriate,
including but not limited to additional equitable relief as necessary to remedy the full
scope of Defendants' unlawful actions.

<u>CERTIFICATE OF SERVICE #1</u>

I hereby certify that on Sept . 16 , 2024,
I filed a copy of the foregoing document with the Clerk of the Court by mailing a copy to:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Kimberly L. Rothenberg

City of West Palm Beach

P.O. Box 3366

West Palm Beach, FL 33402-3366

Telephone: (561) 822-1360

Email: krothenburg@wpb.org

Bar Number: 938971


A copy was also served via email to the above-listed attorney by:


Monique Maybell

904 15th Street

West Palm Beach, FL 33401

Telephone: (941) 310-9770

Email: mmllcservices@gmail.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CERTIFICATE OF SERVICE #2

I hereby certify that on $Sept. 16$, 2024,

I filed a copy of the foregoing document with the Clerk of the Court by mailing a copy to:

Kimberly L. Rothenberg

City of West Palm Beach

P.O. Box 3366

West Palm Beach, FL 33402-3366

Telephone: (561) 822-1360

Email: krothenburg@wpb.org

Bar Number: 938971

A copy was also served via email to the above-listed attorney by:

Gregg Harden,

904 15th Street,

West Palm Beach, Florida 33401

Telephone: (941) 586-8854

Email: ummahservices1@gmail.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

A copy was also served to the following parties:

City of West Palm Beach
401 Clematis Street,
West Palm Beach, FL 33401

West Palm Beach Police Department
600 Banyan Blvd
West Palm Beach, FL 33401

Defendants:

- R. Hanford (Officer #2274)
- C. Davis (Officer #1492)
- S. Cano (Officer #2023)
- L. Colombino (Officer #1475)
- J. Foe (Officer #2010)
- Wilson [First Initial Unknown] (Officer #8241)
- J. Morris (Officer #1872)
- A. Downie (Officer #2270)
- W. Loayza (Officer #2189)
- A. Danielovich (Officer #2245)
- M. Pizarro (Officer #2246)

Third Party Defendants:

- Anjali Bryant (Female)
  6211 N 45th St
  Tampa, FL 33610

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

- Cruise Property Management
 21 NW 1st Ave #904
 Dania Beach, FL 33004

A copy was also served to the following individuals and entities:

Shaquita Edwards
City Clerk
City of West Palm Beach
401 Clematis Street
West Palm Beach, FL 33401

Keith James
City Manager
City of West Palm Beach
401 Clematis Street
West Palm Beach, FL 33401

Faye W. Johnson
City Administrator
City of West Palm Beach
401 Clematis Street
West Palm Beach, FL 33401

Christina Lambert
City Commissioner, District 1
City of West Palm Beach
401 Clematis Street
West Palm Beach, FL 33401

69

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Plaintiffs:

Gregg Harden and Monique Maybell

## Statement of Verification for Monique Maybell and Gregg Harden

We, Monique Maybell and Gregg Harden, hereby swear and affirm under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the facts contained within the attached complaint filed in the Federal District Court, pursuant to 42 U.S.C. § 1983, are true and accurate to the best of our knowledge, information, and belief.

Dated this _10_ day of _September_, 2024.

_____
Monique Maybell

_____
Gregg Harden

Sworn to and subscribed before me this _____ day of _____, 20__.

_____

Notary Public

My commission expires: _____

70

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Monday, September 16, 2024

Re: Complaint under 42 U.S.C. § 1983

Case No. _____



FILED BY _____ /?CS____ D.C.

SEP 16 2024

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

Clerk of the Court

United States District Court

Southern District of <u>Florida</u>

<u>701 Clematis Street, Room 202</u>

<u>West Palm Beach, FL 33401</u>

Dear Clerk of the Court,

Foremost, enclosed please find the original complaint and
accompanying documents for filing in the matter of
Monique Maybell and Gregg Harden v.

WEST PALM BEACH POLICE DEPARTMENT;

CITY OF WEST PALM BEACH;

CRUISE PROPERTY MANAGEMENT,

HANFORD, R. (OFFICER#2274);

DAVIS, C. (OFFICER#1492);

CANO, S. (OFFICER#2023);

COLOMBINO, L. (OFFICER#1475);

FOE, J. (OFFICER#2010);

WILSON, [?] (OFFICER#8241);

MORRIS, J. (OFFICER#1872);

DOWNIE, A. (OFFICER#2270);

LOAYZA, W. (OFFICER#2189);

DANIELOVICH, A. (OFFICER#2245);

PIZARRO, M. (OFFICER#2246); and

ANJALI BRYANT, (Female)

1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Further, the enclosed documents include:

- Original Complaint

- Civil Cover Sheet

- Summons

- Other documents:

a. WEST PALM BEACH POLICE DEPARTMENT

Standard Operating Procedure I-1

CODE OF CONDUCT AND ETHICS OF POLICE

DEPARTMENT MEMBERS

Revised: June 4, 2020

b. WEST PALM BEACH POLICE DEPARTMENT

Policy III-13

USE OF FORCE/ INJURED PERSON INCIDENT

Revised: July 14, 2022

c. WEST PALM BEACH POLICE DEPARTMENT

Standard Operating Procedure 1-4

UNBIASED POLICING

Revised: November 11, 2011.

Furthermore, please note that this filing includes an original document with a wet

signature. Moreover, for any correspondence regarding this filing, please contact me at the

following:

Name: Monique Maybell

Street Address: 904 15th Street, West Palm Beach, FL 33401

Telephone Number: (941) 310-9770

Facsimile Number: N/a

Email Address: mmllcservices@gmail.com;

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Name: Gregg Harden

Street Address: 904 15th Street, West Palm Beach, FL 33401

Telephone Number: (941) 586-8854

Facsimile Number: N/a

Email Address: ummahservices1@gmail.com.

Beyond this, we request for confirmation of receipt and instructions for handling the documents.

Ultimately, thank you for your attention to this matter.

Respectfully submitted,

Signatures

Monique Maybell and Gregg Harden, Plaintiffs.

Enclosures: Original Complaint, Civil Cover Sheet, Summons, [Other Documents]

3